UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD R. ANDERSON                                                CIVIL ACTION

VERSUS                                                                        NO. 10-0293

NEIL D. OSTER, et al.                                                  SECTION "C"(1)

## ORDER AND REASONS[1]

Before the Court is Defendant Neil D. Oster's Motion for Summary Judgment. (Rec. Doc. 33). Based on analysis of the facts, memoranda of counsel, and the applicable law, Defendant's Motion is GRANTED for the following reasons.

### I. Background

In the early hours of September 27th, 2009, Defendant Neil Oster heard noises coming from his backyard shed and was confronted by a man with a gun when he went to investigate. (Rec. Doc. 33-3 at 1). Mr. Oster quickly retreated to his home and called 911, and the burglar fled on foot. *Id*. Several days later, Mr. Oster allegedly spotted a man riding his bicycle and was convinced that this person was the same one who had been in his shed at 1:45 a.m. on September 27th. (Rec. Doc. 33-2 at 1). He called the police and led them to the Plaintiff, Mr. Anderson, who was then arrested. (Rec. Doc. 33-3 at 2). Mr. Anderson spent three months in jail before the District Attorney's Office dropped all charges against him. *Id*. He has since brought claims against the Jefferson Parish Sheriff's Office, several of its officers, Mr. Oster, and his insurance carriers. (Rec. Doc. 1). These claims include violations of § 1983 of the 1964 Civil Rights Act, false imprisonment, defamation, and malicious prosecution. (Rec. Doc. 1 at 10). Though Plaintiff did not specify in his complaint

---

[1] Gillian Gurley, a third-year law student at Tulane University, assisted in the preparation of this document.

which claims he was directing toward each party, his opposition memorandum to the present Motion states that his only claim against Mr. Oster is for defamation. (Rec. Doc. 35 at 1). Mr. Oster sets forth several reasons why summary judgment is appropriate, admitting that while his communication to the police accusing Plaintiff of a crime was defamatory per se, it was protected by a qualified privilege. (Rec. Doc. 33-3 at 6). Defendant asserts that Plaintiff "will be unable to make any factual showing of knowing falsity or reckless disregard," which would be required to defeat the privilege. *Id*. at 8.

Plaintiff asserts that there are several genuine issues of material fact which defeat Defendant's Motion, including the length of time Mr. Oster was able to observe Mr. Anderson before determining that he was the man who burglarized his home, the distance between Mr. Oster and Mr. Anderson at the scene of the latter's arrest, and whether or not Mr. Anderson's photo was actually included in the photo array shown to Mr. Oster by the police to help him identify a suspect. (Rec. Doc. 35-1 at 1).

## II. Standard of Review

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986); *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d

577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence, by tendering depositions or affidavits, for example, and cannot rely on unsubstantiated assertions or conclusory allegations. *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

### III. Law and Analysis

**A. Defamation**

To recover for defamation, a claimant must make out four separate elements: 1) a false and defamatory statement concerning another; 2) an unprivileged publication to a third party; 3) fault (negligence or greater) on the part of the publisher; and 4) resulting injury. *Costello v. Hardy*, 864 So.2d 129, 139 (La. 2004) (quoting *Trentecosta v. Beck*, 703 So.2d 552, 559 (La. 1997). All elements must be present, or the cause of action will fail.

The State of Louisiana has determined that the fault necessary to establish a defamation action in matters of either purely private concern or matters of public concern is a "lack of reasonable belief in the truth of the statement giving rise to the defamation.... malice in this sense is more akin to negligence with respect to the truth than to spite or improper motive." *Kennedy v.*

*Sheriff of East Baton Rouge*, 935 So.2d 669, 680 (La. 2006) (quoting *Costello*, 864 So.2d at 143). "Words which expressly or implicitly accuse another of criminal conduct, or which by their very nature tend to injure one's personal or professional reputation, without considering extrinsic facts or circumstances, are considered defamatory per se." *Kennedy*, 935 So. 2d at 675. Therefore, Mr. Oster's identification of Mr. Anderson as the man who burglarized his shed was defamatory per se, because it explicitly accused him of a crime. From the pleadings, it seems that Mr. Anderson can also satisfy the other elements of a defamation claim. Mr. Oster "published" his allegation to the police, who subsequently arrested Mr. Anderson, and Mr. Anderson can likely show resulting injury.

**B. Defense of Privilege**

In Louisiana, however, privilege is a defense to a defamation claim. *Kennedy*, 935 So.2d at 681. "The doctrine of privilege rests upon the notion that sometimes, as a matter of public policy, in order to encourage the free communication of views in certain defined instances, one is justified in communicating defamatory information to others without incurring liability." *Id*. A privilege may be either absolute or conditional. The act of identifying an alleged criminal to the police is subject to a conditional privilege, applicable "when any recognized interest of the public is in danger, including the interest in the prevention of crime and the apprehension of criminals." Restatement (Second) of Torts, Comment (d) to Section 598.[2]

If the privilege exists, the second step of a court's analysis is to determine if the privilege was abused. *Kennedy,* 935 So.2d at 682. The Court determines first whether the privilege exists, as

---

[2]The public policy reasons for the privilege, while obvious, bear repeating. "It would be self-defeating for society to impose civil liability on a citizen for inaccurately reporting criminal conduct with no intent to mislead." *Arellano v. Henley*, 357 So.2d 846, 849 (La.App. 4 Cir. 1978). Where a private citizen identifies a criminal perpetrator in good faith, albeit incorrectly, the law does not wish to subject her to liability in tort.

4

a matter of law, and the second step "requires that the grounds for abuse–malice or lack of good faith–be examined." *Id*., (citing *Smith v. Our Lady of the Lake Hospital, Inc*., 639 So.2d 730, 745 (La. 1994). Where the conditional privilege exists, the burden to prove abuse of the privilege rests on the plaintiff. *Id*. at 683. The standard for determining abuse of the privilege is knowledge of falsity or reckless disregard for the truth. *Id*. at 686; Restatement (Second) of Torts § 600. "[T]he second step of determining abuse of a conditional privilege or malice is generally a fact question for the jury unless only one conclusion can be drawn from the evidence." *Smith*, 639 So.2d at 745.

**C. Analysis**

Defendant has established the existence of a conditional privilege as a matter of law: he reported a matter affecting the public interest–the commission of a crime and the subsequent identification of the perpetrator–to police. The burden is thus upon Plaintiff to show abuse of that privilege, to defeat summary judgment. The Supreme Court has stated that to meet the standard, false statements must be made "with a high degree of understanding of their probable falsity." *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964). Plaintiff fails to meet that burden, as he does not produce any evidence suggesting Defendant knowingly or recklessly misidentified him to the police.

Plaintiff attempts to discredit Defendant's affidavit by presenting his own view of the circumstances of his arrest as in contradiction to Defendant's. (Rec. Doc. 35 at 3). For example, while Defendant stated that he followed a man on a bicycle whom he believed was the same who burglarized his shed, Plaintiff stated that he was not aware of anyone following him that day. *Id*. When Defendant arrived at the scene of Plaintiff's arrest, Plaintiff alleges that he never came within 500 feet of him, and Plaintiff "was unable to give an accurate description of Mr. Oster's height or even tell if he was wearing long or short sleeves." *Id*. The implication of Plaintiff's allegations is

that if he could not identify Defendant from that distance, Plaintiff must not have been able to identify him, either. That allegation does not rise to the standard to prove abuse of privilege.

The Supreme Court has stated that to meet the reckless disregard standard, false statements must be made "with a high degree of understanding of their probable falsity." *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964). Plaintiff has failed to offer evidence that Defendant identified him to the police "with a high degree of understanding of [its] probable falsity." *Garrison*, 379 U.S. at 74. As a result, Plaintiff has failed to show the existence of a genuine issue for trial regarding Oster's liability for defamation.

### IV. Conclusion

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED as to Plaintiff's defamation claim. (Rec. Doc. 33).

New Orleans, Louisiana, this 3rd day of March, 2011.

                                                                       _____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE